**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOSEPH M. SCOVITCH,
             Appellant,

       v.

NATIONAL ARCHIVES AND
  RECORDS ADMIN,
             Agency.

DOCKET NUMBER
DC-3443-15-1049-C-1

DATE: May 25, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Joseph M. Scovitch</u>, College Park, Maryland, pro se.

<u>Hannah Bergman</u>, College Park, Maryland, for the agency.

**BEFORE**

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113.

## BACKGROUND

¶2       In August 2015, the appellant, a former Archives Technician with the agency, filed a Board appeal in which he alleged that he engaged in protected whistleblowing and that the agency's Office of the Inspector General (OIG) failed to act on a complaint that he filed pertaining to missing and inaccurate records regarding the Holocaust.  On October 7, 2015, the administrative judge dismissed the appeal for lack of jurisdiction.  *Scovitch v. National Archives and Records Administration*, MSPB Docket No. DC-3443-15-1049-I-1, Initial Decision, (Oct. 7, 2015); Initial Appeal File, Tab 18.

¶3       The appellant filed a petition for review of the initial decision, and, on February 25, 2016, the Board denied his petition for review in a nonprecedential Final Order.  *Scovitch v. National Archives and Records Administration*, MSPB Docket No. DC-3443-15-1049-I-1, Final Order (Feb. 25, 2016) (I-1 Final Order); Petition for Review File, Tab 5.  The Board found that it lacked jurisdiction over the appellant's claims as an individual right of action (IRA) appeal because he failed to demonstrate that he exhausted his administrative remedies before the Office of Special Counsel (OSC).  I-1 Final Order, ¶¶ 6-7.  The Board further

found that it otherwise lacked jurisdiction over the appellant's claims regarding his OIG complaint, and his claims that the agency was committing illegal, criminal, and fraudulent actions. *Id.*, ¶¶ 8-9.

¶4        On September 3, 2016, the appellant filed a petition for enforcement. *Scovitch v. National Archives and Records Administration*, MSPB Docket No. DC-3443-15-1049-C-1, Compliance File (CF), Tab 1.  The administrative judge denied the petition.  CF, Tab 6, Compliance Initial Decision (CID).  She found that, because no corrective action had been ordered in connection with the appellant's allegations of whistleblower reprisal, he was not entitled to relief.  *Id.* at 2; I-1 Final Order, ¶ 7.

¶5        The appellant has filed a petition for review of the compliance initial decision denying his petition for enforcement.  *Scovitch v. National Archives and Records Administration*, MSPB Docket No. DC-3443-15-1049-C-1, Compliance Petition for Review (CPFR) File, Tabs 1-2.  The agency has responded in opposition to the petition for review, and the appellant has replied.  CPFR File, Tabs 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6        In his petition for review,[2] the appellant appears to argue that the administrative judge erred in failing to order the agency to provide answers to the assertions he made in his appeal, and accepting its motion to dismiss as a sufficient response to his allegations that the Board erroneously did not refer his allegations of missing and inaccurate records regarding the Holocaust to OSC and other agencies.  CPFR File, Tab 2.

---

[2] As noted, the Board denied the appellant's petition for review of his IRA appeal on February 25, 2016, and the appellant filed his petition for enforcement more than 6 months later on September 3, 2016.  Under the Board's regulations, a petition for enforcement must be filed promptly with the regional office that issued the initial decision.  5 C.F.R. § 1201.182(a).  Because we are affirming the administrative judge's denial of the appellant's petition for enforcement, we need not reach the issue of whether the petition was filed promptly.

¶7      As correctly found by the administrative judge, the Board has jurisdiction to consider an appellant's claim of agency noncompliance with a Board order.  CID at 2; *see* 5 U.S.C. § 1204(a)(2); 5 C.F.R. § 1201.182(a); *see also Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984) (stating that the Board has jurisdiction to consider an appellant's claim of agency noncompliance with a Board order).  Here, the appellant did not prevail in his appeal and, as the agency asserted below, the Board's Final Order in the appellant's appeal did not require any action on the agency's part.  I-1 Final Order, ¶¶ 6-9; CF, Tab 3 at 5.  Thus, we find that the appellant has failed to show that the agency is not in compliance with the Board's Final Order, and the administrative judge properly denied the appellant's petition for enforcement.  *See Gingery v. Department of Defense*, 121 M.S.P.R. 423, ¶ 8 (2014) (finding that the administrative judge correctly denied the appellant's petition for enforcement when the agency was in compliance with the Board's final order).

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                        /s/ for

Jennifer Everling
Acting Clerk of the Board
Washington, D.C.